**SO ORDERED: April 8, 2016.**



_____
**James M. Carr**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DONALD WAYNE BUSH and | ) Case No. 14-09053-JMC-7A |
| KIMBERLY ANN BUSH, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| DONALD WAYNE BUSH and | ) |
| KIMBERLY ANN BUSH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 15-50150 |
| | ) |
| UNITED STATES OF AMERICA by and through | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON
### UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS

THIS MATTER comes before the Court on the *United States' Motion for Judgment on the Pleadings (and Brief in Support)* filed by the United States of America ("IRS") on July 27, 2015 (Docket No. 16) (the "Motion"), *Debtors' Response to United States' Motion for Judgment*

*on the Pleadings (and Brief in Support)* filed by Donald and Kimberly Bush ("Debtors") on August 17, 2015 (Docket No. 20) (the "Response"), and the *United States' Reply to Debtors' Response (Doc. 20) to Motion for Judgment on the Pleadings (Doc. 16) (and Request to Expedite Decision)* filed by the IRS on August 19, 2015 (Docket No. 21) (the "Reply").

The Court stayed this adversary proceeding, with the exception of the *Cassidy* issue raised by the Motion, by the *Order Staying Proceedings* entered on September 22, 2015 (Docket No. 27).

<u>*Ruling on the Substantive Merits, Rather than the Sufficiency, of the Complaint*</u>

The IRS moved the Court to enter judgment on the pleadings in its favor pursuant to Fed. R. Civ. P. 12(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). "In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted). "[T]he … court may also take judicial notice of matters of public record." *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (citations omitted).

Courts review motions for judgment on the pleadings as follows:

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *See Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) ("[A court] review[s] Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). …

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the

claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

*Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc.*, 2013 WL 2402990 at *2-3 (N.D. Ind. 2013). "Therefore, viewing all of the facts in a light most favorable to the non-moving party, the … court may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Wood*, 925 F.2d at 1581 (internal citations omitted).

While the parties have not presented matters outside the pleadings to the Court, which would trigger treatment of the Motion as a summary judgment motion pursuant to Fed. R. Civ. P. 12(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), they have argued the substantive merits of the dischargeability of certain of the IRS claims, rather than the pleading sufficiency of the *Amended Complaint to Determine Dischargeability of Debts* filed by Debtors on June 24, 2015 (Docket No. 6) (the "Complaint"). The parties have asked the Court to rule upon such substance in the Motion, the Response and the Reply, contrary to the normal sufficiency standard of review for a Rule 12(c) motion. Indeed, the IRS asked the Court to enter a substantive ruling either way: "The [IRS] … moves for judgment on the pleadings, and this includes suggesting that, if the Court disagrees with certain of the [IRS'] legal arguments below, then judgment on the pleadings in favor of [Debtors] would be appropriate. … If this Court

concludes that [accuracy penalties are dischargeable], it should enter judgment for [Debtors] on those items, without prejudice to the [IRS'] right to decide whether to appeal, as we have no further defense in respect thereto." (Motion, pp. 1-2.) Debtors did not argue against a ruling on the merits of the *Cassidy* issue in their Response.

Moreover, the scope of the relief sought by the Motion has been subsequently narrowed. Among other things, in its prayer for relief, the IRS requested a "judgment on the pleadings in favor of the [IRS] regarding the taxes and the 2011 penalty and, in respect to the 2009 and 2010 penalties, [the Court] should grant judgment on the pleadings to one side or the other, depending on its resolution of the meaning of § 523(a)(7)."[1] (Motion, p. 28.) The narrowing occurred by virtue of Debtors' concession, after the briefing on the Motion, that the taxes for the 2009, 2010 and 2011 tax years are nondischargeable and Debtors' agreement with the IRS as to the amounts of such taxes.[2] The concession and agreement were made in at least one pleading and one hearing substantively related to the tax issues but procedurally unrelated to the Motion.[3]

Therefore, the Court will rule dispositively on the merits of the *Cassidy* issue. Having reviewed the Motion, the Response, the Reply, the Complaint, the *United States' Answer to Amended Complaint* filed by the IRS on July 27, 2015 (Docket No. 14) (the "Answer") and the records in this adversary proceeding and the bankruptcy case relating to the tax issues, having

---

[1] All statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

[2] Based on Debtors' concession and agreement with regard to the amount and nondischargeability of the underlying taxes, the Court need not address the tolling arguments raised in the Motion, the Response and the Reply pursuant to § 507(a)(8).

[3] In the *Amended Objection to Proof of Claim* filed by Debtors on August 23, 2015 (Bankruptcy Case Docket No. 135) with respect to the IRS' amended proof of claim no. 3, Debtors state: "1. Debtors will consent to the amounts listed for the 2009, 2010, and 2011 being non-dischargeable and priority to avoid having additional attorneys fees." Debtors' counsel confirmed that Debtors conceded to the nondischargeability of the 2009, 2010 and 2011 taxes during the August 27, 2015 hearing in this adversary proceeding on *Petitioners' Motion to Stay Tax Court Proceedings, Have Defendant Stay Tax Court Proceedings or in the Alternative to Set a Hearing Prior to October 1, 2015 in Bankruptcy Court* filed by Debtors on July 17, 2015 (Docket No. 12).

heard the arguments and representations of counsel for Debtors and counsel for the IRS at various hearings and status conferences in this adversary proceeding and the bankruptcy case relating to the tax issues, and being otherwise duly advised, the Court hereby enters this order solely with respect to the Motion and the *Cassidy* issue.

*Discussion*

The Court and the parties refer to the issue to be decided herein – the dischargeability of tax penalties[4] Debtors may owe for tax years 2009, 2010 and 2011 – as the "*Cassidy* issue." In *Cassidy v. C.I.R.*, 814 F.2d 477, 481 (7th Cir. 1987) ("*Cassidy I*"), the Seventh Circuit Court of Appeals wrote:

> Moreover, subsection 523(a)(7)(A) mandates that fraud penalties are nondischargeable if the underlying tax with respect to which the penalty was imposed is also nondischargeable. S. Rep. No. 989 at 79, U.S. Code Cong. & Admin. News 1976, p. 5864. Because the taxpayer's deficiencies are nondischargeable, his tax penalties are similarly nondischargeable.

[Footnote omitted.] Arguably, if *Cassidy I* is binding precedent, then the IRS might prevail because Debtors have conceded that their taxes owed for tax years 2009, 2010 and 2011 are nondischargeable and that there is no dispute as to the amounts of such taxes.

However, the binding nature of the ruling in *Cassidy I* was "disclaimed" by the Seventh Circuit in *Matter of Cassidy*, 892 F.2d 637, 640 (7th Cir. 1990) ("*Cassidy II*"). In *Cassidy II,* the court wrote:

> If this action is barred by the earlier litigation, it must be on the strength of this Court's opinion in *Cassidy I*. But for a ruling to have preclusive effect, it must be necessary to the decision. … *United States v. Crawley*, 837 F.2d 291 (7th Cir. 1988), defines dicta as that portion of an opinion not entitled to the full weight usually given judicial decisions, including any portion not necessary to the outcome of the case. The portion of *Cassidy I* which concerned the dischargeability of the debt was, unfortunately, dicta.

---

[4] Contested between Debtors and the IRS is whether the penalties are fraud or negligence penalties. The Court notes, however, that the language of § 523(a)(7) is "tax penalty" with no distinction between fraud or negligence penalties.

[Internal citations omitted.]

After *Cassidy II*, other courts in this circuit have considered the interpretation of § 523(a)(7)(A) and (B) to be an "open issue," not controlled by *Cassidy I*, and have looked "to other jurisdictions for guidance". *Roberts v. United States (In re Roberts)*, 129 B.R. 171, 172-73 (C.D. Ill. 1991) ("*Illinois Roberts*"). See also *Torres v. Illinois Dep't of Revenue (In re Torres)*, 143 B.R. 183, 188-89 (Bankr. N.D. Ill. 1992); and *Carlen v. Dep't of the Treasury Internal Revenue Serv. (In re Carlen)*, 1991 WL 424977 at *27 (Bankr. N.D. Ind. 1991).

The Court agrees – it is bound by *Cassidy II*'s determination that *Cassidy I*'s "ruling" is dicta, and therefore *Cassidy I* has no preclusive impact. Accordingly, the Court will start its analysis with the plain language of § 523(a)(7)(A) and (B). *In re Crane*, 742 F.3d 702, 708 (7th Cir. 2013) ("We begin with the language of the statute. When the language of the statute is plain, we enforce it according to its terms.").

Section 523 provides:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty –
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition; … .

The IRS argues that there are two ways to read § 523(a)(7) – (1) "a tax penalty is discharged if it meets *either* (A) or (B)" which is the majority view (Motion, p. 6); and (2) § 523(a)(7)(A) addresses penalties relating to a tax and § 523(a)(7)(B) addresses penalties that do not relate to a tax, also called free-standing penalties (Motion, p. 7) – and therefore the Court must look to the legislative history in its analysis, which the IRS argues supports alternative (2) (Motion, p. 9). In so doing, the IRS argues that *Cassidy I*'s ruling, dicta or not, was correct. (Motion, pp. 6, 11, 12

and 13.)

The IRS is right that § 523(a)(7)(B) could be applied to a free-standing penalty if a transaction or event that gave rise to the imposition of such a penalty occurred more than three years preceding the petition date, but the crux of the IRS' argument in favor of alternative (2) is that § 523(a)(7)(B) can be applied to *only* free-standing penalties. Fatal to that argument is the fact that the plain language of § 523(a)(7)(B) is not so limiting. Understanding that multiple types of penalties could fall under § 523(a)(7)(B) does not create ambiguity in the statute. Rather, it recognizes that Congress used broad language such that free-standing penalties and other types of penalties could be dischargeable pursuant to § 523(a)(7)(B).

Because the Court does not conclude that § 523(a)(7) is ambiguous, the Court will not resort to an analysis of the legislative history. The Court joins a number of other courts in relying on the "plain language" of § 523(a)(7)(A) and (B). *See Roberts v. United States (In re Roberts)*, 906 F.2d 1440, 1445 (10th Cir. 1990) ("[b]ecause the statutory language is clear and unambiguous and does not compel an irrational result, it is not necessary to refer to the legislative history to interpret its meaning"); *Burns v. United States (In re Burns)*, 887 F.2d 1541, 1544 (11th Cir. 1989) ("[w]e must therefore look to the language of section 523(a)(7) itself, and where, as here, that language is plain, we must enforce it according to its terms"); *McKay v. United States*, 957 F.2d 689, 694 (9th Cir. 1992) ("[w]e, like other circuits which have carefully considered this issue, have adhered to the language of the statute"); *Illinois Roberts*, 129 B.R. at 172-73; and *Torres*, 143 B.R. at 188-89.

Based on the plain language, the Court joins the majority of courts who have determined that a tax penalty is dischargeable if the penalty is described by either § 523(a)(7)(A) or § 523(a)(7)(B).

2009 and 2010 Penalties

The plain language of § 523(a)(7) requires a "plain" application thereof to the facts and circumstances of this adversary proceeding. Based on the representations that (a) Debtors timely filed their tax returns for 2009 (on extension), 2010 and 2011 (Answer, pp. 1-2 and Ex. 1, pp. 2, 5 and 8); and (b) the IRS imposed civil fraud penalties for the 2009-11 tax years because Debtors allegedly underpaid their taxes due to fraud (Answer, Ex. 2, p. 6), the transaction or event that triggered the imposition of penalties appears to be in each instance Debtors' filing of their tax return. Debtors filed their 2009 tax return on or about October 13, 2010, and their 2010 tax return on or about April 15, 2011 – both dates are outside the three-year window preceding September 30, 2014, the date on which Debtors filed their voluntary petition (the "Petition Date"). Therefore, the tax penalties for the 2009 and 2010 tax years are dischargeable pursuant to § 523(a)(7)(B).[5]

2011 Penalties

Debtors filed their 2011 tax return on or about April 15, 2012, which is inside the three-year window preceding the Petition Date. Therefore, if the 2011 tax penalties are to be dischargeable, they must fall under § 523(a)(7)(A), which requires the Court to determine whether the 2011 penalties relate to a tax of a kind specified in § 523(a)(1). To do that, the Court must reference § 507(a)(8). See § 523(a)(1)(A).[6] If the penalties so relate, then they are nondischargeable. If the penalties do not so relate, then they are dischargeable.

Section 507(a)(8)(A)(i) gives priority status to allowed unsecured claims of governmental

---

[5] This result has been acknowledged by the IRS. See Motion, p. 1 ("The only arguably discharged liabilities are the penalties for 2009 and 2010"), and *United States' Memorandum in Support of Its Motion to Dismiss or in the Alternative – Abstain* filed on May 15, 2015 (Bankruptcy Case Docket No. 64-1), p. 6 ("the fraud penalties for returns filed prior to September 30, 2011, are discharged pursuant to § 523(a)(7) and this appears to mean that years 2009 and 2010 are discharged").

[6] The parties have not argued that § 507(a)(3), and by reference § 502(f), are applicable to a ruling on the Motion.

units for income taxes "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition".  As noted above, the 2011 penalties relate to a tax return that was filed within such three-year period.  Therefore, they are nondischargeable pursuant to § 523(a)(7)(A).

<u>Alleged Fraudulent Returns and § 523(a)(1)(C)</u>

As alluded to in footnote 4 above, the parties disagree with respect to whether Debtors filed fraudulent tax returns.  This could be applicable in a determination of whether the penalties are discharged pursuant to § 523(a)(7)(A) because if the IRS is correct that the returns were fraudulent, then the penalties would relate to a tax of a kind specified in § 523(a)(1)(C) and thus be nondischargeable.  If Debtors are right that the returns were not fraudulent, then the penalties would relate to a tax of a kind not specified in § 523(a)(1)(C) and thus be dischargeable.

The Court need not reach the underlying question of whether the 2009 and 2010 penalties relate to fraudulent returns because § 523(a)(7) is written in the disjunctive.  If such penalties meet § 523(a)(7)(A) *or* (B), they are dischargeable.  Therefore, even if it were determined that the returns were fraudulent such that the 2009 and 2010 penalties may be nondischargeable pursuant to § 523(a)(7)(A), they are nonetheless dischargeable under § 523(a)(7)(B) because they were imposed with respect to a transaction or event that occurred more than three years prior to the Petition Date.  *See Illinois Roberts*, 129 B.R. at 173 ("where the requirements of § 523(a)(7)(B) are met, the tax penalty is dischargeable without regard to the provisions of § 523(a)(7)(A)").  Therefore, it is unnecessary to determine whether the 2009 and 2010 returns were fraudulent because the penalties are dischargeable pursuant to § 523(a)(7)(B).[7]

---

[7] There are other examples in the Bankruptcy Code of this type of disjunction.  For example, even if a chapter 11 plan does not satisfy the confirmation requirements of § 1129(a)(8), the plan still could be confirmed if it meets the requirements of § 1129(b).

With respect to the 2011 penalties, the Court need not analyze whether the underlying return was fraudulent for the purpose of the § 523(a)(7)(A) analysis because the 2011 penalties relate to a tax of a kind specified in § 523(a)(1)(A). However, in determining what the amount of the 2011 penalty is that Debtors will owe going forward – a fraud penalty amount or a negligence penalty amount, the nature of the underlying return will need to be determined.

*Conclusion*

For the reasons set forth above, the Court concludes that the 2009 and 2010 tax penalties are dischargeable pursuant to § 523(a)(7)(B), and that the 2011 tax penalties are nondischargeable pursuant to § 523(a)(7) because they do not fall under the exceptions of § 523(a)(7)(A) or (B).

Contemporaneously herewith, the Court will enter partial judgment in favor of Debtors with respect to the dischargeability of their 2009 and 2010 tax penalties, and partial judgment in favor of the IRS with respect to the nondischargeability of Debtors' 2011 tax penalties.

IT IS SO ORDERED.

# # #